**Jane Holmes DIXON, Plaintiff,**

v.

**Samuel L. EDWARDS**

and

**The Vestry of St. John's Parish, Defendants.**

**No. PJM 01–1838.**

United States District Court, D. Maryland.

Oct. 29, 2001.

Michael L. Martinez, Bridget E. Calhoun, McGuiness Norris and Williams LLP, Washington, DC, David M. Schnorrenberg, Michael G. Van Arsdall, Crowell and Moring, LLP, Washington, DC, for plaintiff.

Charles H. Nalls, DeKieffer and Horgan, Washington, DC, Rufus W. Peckham, Washington, DC, for defendants.

## ORDER

MESSITTE, District Judge.

The Court having heard argument on the Motions of Defendants Father Samuel L. Edwards and the Vestry of St. John's Parish to Dismiss this action and the Motions for Summary Judgment and Preliminary Injunction filed by Plaintiff Jane Holmes Dixon, it is, for the reasons set forth in the accompanying Opinion, this *29th* day of October, 2001.

ADJUDGED, ORDERED and DECREED as follows:

1) Bishop Jane Holmes Dixon's Motion for Summary Judgment is GRANTED;

2) Bishop Dixon or her delegate has a right to be present in the buildings and on the grounds of St. John's Parish in Accokeek. Maryland and to perform her duties as Bishop and Rector *Ex Officio* there, and her actions on May 27, 2001 did not, and similar future actions by her or her delegate, will not, constitute trespass;

3) Bishop Dixon has the right to preside at meetings of the Vestry and Parish of St. John's;

4) The purported contract between the Vestry of St. John's Parish and Fa-

---

ther Edwards engaging him as Rector of the St. John's Parish is invalid, null and void, unenforceable and without effect;

5) The acts of the Vestry of St. John's Parish in contracting with Father Edwards to be and holding him out as rector of the Parish and in preventing Bishop Dixon from presiding at vestry meetings and performing other acts as Rector *Ex Officio* are *ultra vires* and of no force and effect;

6) Under Maryland Vestry Act, 1976 Laws of Md. Ch. 96, § 312J, Defendant Edwards is not the Rector of Christ Church, St. John's Parish; and

7) Under Maryland Vestry Act, 1976 Laws of Md. Ch. 96, § 312G, Father Edwards is unlawfully using and occupying buildings and property of St. John's Parish.

Wherefore, the Court ISSUES the following injunction:

1) Defendants Father Edwards and the Vestry of St. John's Parish shall take no actions, directly or indirectly, to prevent Bishop Dixon or her delegate from performing her duties at St. John's Parish, including officiating at services and ministering to its congregation, and presiding at the meetings of the Vestry and Parish of St. John's;

2) Father Edwards shall not officiate at religious services on or near the grounds of St. John's Parish;

3) Father Edwards shall take no actions as Rector of St. John's Parish including, but not limited to, presiding at meetings of the Vestry or officiating at services of St. John's Parish;

4) Father Edwards shall not use or occupy the building or grounds of St. John's Parish;

5) Except for his vacating of the rectory at St. John's Parish, which Father Edwards may take up to ten (10) days to accomplish, this injunction shall take effect immediately; and

6) The Court may, from time to time hereafter, modify or supplement this Order as the case may require.

And it is further

ORDERED:

1) Bishop Dixon's Motion for Preliminary Injunction is MOOT;

2) Defendants' Motion to Dismiss is DENIED.